IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE A. ALICEA, JESSICA BARRERA
and N.A.[1],

                Plaintiffs,                              ORDER

    v.

                                                         13-cv-302-bbc

EDWARD F. WALLS, CINDY O'DONNELL
and WILLIAM POLLARD,

                Defendants.

---

        Plaintiffs Jose Alicea, a prisoner at Waupun Correctional Institution, and Jessica Barrera, a resident of Eau Claire, Wisconsin, along with their shared minor child, N.A., have filed a proposed complaint under 42 U.S.C. § 1983. Plaintiff Alicea has submitted a motion for leave to proceed *in forma pauperis,* however, this court cannot determine whether plaintiff Barrera qualifies for indigent status at this time because she has not submitted the necessary paperwork to support a determination that she is entitled to proceed without paying some or all of the filing fee. Accordingly, plaintiff Barrera will be required to complete an affidavit to proceed without prepayment of fees and/or costs, which is enclosed with this order.

        Because plaintiff Alicea is a prisoner, this action is subject to the 1996 Prison Litigation Reform Act and plaintiff Alicea will have to make an initial partial payment of the $350 fee for filing the action.

        In determining whether a prisoner litigant qualifies for indigent status, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

        In this case, 20% of the average monthly deposits is $24.17, but 20% of the average

---

[1] Pursuant to the administrative procedures of this court, if a minor child must be mentioned in a document, only the initials of the child should be used.

monthly balance is $123.87. Because the greater of the two amounts is 20% of the average monthly balance, or $123.87, that is the amount plaintiff Alicea will be assessed as an initial partial payment of the filing fee. If plaintiff Alicea does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff Alicea must pay at this time is the $123.87 initial partial payment. Before prison officials take any portion of that amount from plaintiff Alicea's release account, they may first take from his regular account whatever amount up to the full amount plaintiff owes. Plaintiff Alicea should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court. Ultimately, should plaintiff Alicea choose to proceed with the case, he will be required to pay the entire $350 filing fee for this case in installments. *See* 28 U.S.C. 1915(b).

Plaintiffs should be aware that when two or more plaintiffs join their claims in one lawsuit, each plaintiff who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him or her personally. Each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his or her behalf. He or she will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his or her name if such sanctions are imposed as to any aspect of the case.

In addition, if the court finds that the entire action is legally frivolous (meaning completely without merit) or malicious or that it fails to state a claim upon which relief may be granted, the court will be required to record a strike under 28 U.S.C. § 1915(g) against plaintiff Alicea. (A prisoner litigant who incurs a total of three strikes for filing meritless actions cannot file *in forma pauperis* in any case except one in which he alleges that he is in immediate danger.)

2

In screening the complaint, the court will consider whether the action of one plaintiff should be separated from the action of the other plaintiffs. If it decides separation (or severance) is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because the plaintiffs may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. Should a plaintiff fail to respond to this order, he or she will be considered to have withdrawn from the lawsuit and will not have to pay the filing fee.

## ORDER

IT IS ORDERED that

1. Each plaintiff may have until June 3, 2012, in which to advise the court whether he or she wishes to prosecute this action jointly.

2. Plaintiff Jose Alicea may have until June 3, 2013, in which submit $123.87 as an initial partial payment of the $350 fee for filing this case. If, by June 3, 2013, plaintiff Alicea fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.

3. Plaintiff Jessica Barrera may have until June 3, 2013 to fill out the enclosed affidavit of indigency and return it to the court.

4. If, by June 3, 2013, either plaintiff fails to respond to this order as directed, then the plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 9th day of May, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge

3